Dear Mr. Cornelius:
You requested the opinion of this office concerning a proposed cooperative endeavor agreement between the Jefferson Parish Council (the "Parish") and Wal-Mart Stores, Inc. (the "Company").
You advised that the Company is considering the acquisition of an existing vacant warehouse and distribution center on Jefferson Highway (a state highway) at the base of the Huey P. Long Bridge. The Company plans to raise and demolish the existing facility and construct and develop a new retail outlet at the site. A major impediment to the final determination by the Company to pursue the project is an existing traffic problem. The Company would like to enter into a contract with a construction company to make the necessary improvements (subject to obtaining all necessary approvals in connection therewith) to Jefferson Highway at and near the site of the proposed project, but the costs of the corrective measures, when added to the cost of the project, are prohibitive.
The proposed cooperative endeavor would result in the Parish depositing $675,000 of Parish road improvement funds with the Company and the Company depositing in excess of $250,000 of its funds to be pooled to pay the costs of the necessary improvements. Pursuant to the cooperative endeavor agreement, the Company would solicit bids and contract for the improvements. Due to time constraints, the Company, as a private company using both private and public funds, does not intend to follow the requirements of public bid laws applicable to local government contracts for road improvements.
Your question is whether a cooperative endeavor agreement may be legally entered into by the Parish that would result in a pooling of public and private funds to construct the necessary improvements to the roads and would allow the Company to contract with the construction company(s) directly without compliance with the public bid laws.
The answer to your question must be in the negative. The Public Bid Law (La. R.S. 38:2211, et seq.) is applicable to all public work exceeding the contract limit as defined in the Public Bid Law and to all purchases of any materials or supplies exceeding the sum of fifteen thousand dollars to be paid out ofpublic funds, to be done by a public entity. No such public work shall be done and no such purchase shall be made except as provided in the Public Bid Law. La. R.S. 38:2212(A)(1)(a)(1). "Public work" is defined to mean "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity". La. R.S. 38:2211(A)(11). "Public entity" is defined to include any political subdivision as defined in Article VI, Section 44 of the Constitution of Louisiana. The Parish is a political subdivision of the state. La. Const., Art. VI, Sec. 44(2).
The fact that the construction contract would be executed by the Company does not negate the fact that the highway improvements would be constructed on behalf of the Parish. The Parish is a political subdivision subject to the bid laws. The Parish cannot do indirectly what is directly prohibited by statute. Ops.Atty.Gen. 81-1266, 77-1215, 93-389.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH